F I L E D
United States Court of Appeals
Tenth Circuit

NOV 4 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY ROWLAND,

      Petitioner - Appellant,

vs.

RITA ANDREWS,

      Respondent - Appellee.

No. 98-5028
(D.C. No. 95-cv-814-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Petitioner-Appellant Henry Rowland, an inmate appearing pro se and in forma pauperis, appeals from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court determined that while Mr. Rowland could show cause for a failure to timely appeal the denial of state postconviction relief, he could not show actual prejudice nor a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

fundamental miscarriage of justice. Accordingly, Mr. Rowland was procedurally barred from federal habeas review. Mr. Rowland filed his habeas petition prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996. The district court refused to grant a certificate of probable cause.

Mr. Rowland was convicted of murder and sentenced to life imprisonment in 1959. After being paroled in 1974, the governor of Oklahoma ordered in 1989 that Mr. Rowland be reincarcerated to serve ten years of his life sentence due to a parole violation. Mr. Rowland asserts that he is entitled to earned credits for work and good conduct pursuant to Okla. Stat. Ann. tit. 57, § 138 (West 1991). However, that statute also provides that "[n]o deductions shall be credited to any inmate serving a sentence of life imprisonment." Id. § 138(A).

At issue, then, is whether Mr. Rowland's reincarceration for ten years is to be construed as a term of years, in which case he is eligible for earned credits, or as a continuation of his life sentence. The district court determined that Mr. Rowland will serve his life sentence "for the rest of his life whether he is incarcerated in a penal institution or on parole." R. doc. 17 at 5 (citing Morrissey v. Brewer, 408 U.S. 471, 477 (1972) ("The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.") (emphasis added)). The district court concluded that the earned credit provisions of § 138 do not apply to

- 2 -

Mr. Rowland; thus he suffered no due process violation.  We agree.  Because Mr. Rowland has failed to make a substantial showing of the denial of a constitutional or federal right, see Barefoot v. Estelle, 463 U.S. 880, 893 (1983), we DENY him a certificate of probable cause and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge